# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1476V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | Chief Special Master Corcoran |
| KAREN GOLDIE, | * | |
| Petitioner, | * | Filed: October 11, 2019 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Motion for Decision Dismissing Petition. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*James Michael Kelly*, Robbins, Kelly, Patterson & Tucker, LPA, Cincinnati, OH, for Petitioners.

*Robert Paul Coleman III*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE[1]

On September 26, 2018, Karen Goldie filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that the influenza vaccine she received on October 16, 2015 caused her to suffer from Guillain-Barré syndrome and Chronic Inflammatory Demyelinating Polyneuropathy. Pet. at 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After the claim's initiation, Petitioner filed medical records and exhibits to supplement her Petition. Shortly thereafter, Respondent filed a Rule 4(c) report taking the position that Petitioner was not entitled to compensation. Resp.'s Report, filed July 24, 2019 (ECF No. 17).

On September 11, 2019, Petitioner's counsel contacted my chambers and indicated that she now wanted to dismiss her claim. A status conference with the parties was held on September 30, 2019, and Petitioner reiterated her desire to dismiss her claim. I instructed Petitioner that she should file a motion for decision to that end, and she has done so. Mot. to Dismiss, filed October 7, 2019 (ECF No. 18). In it, Petitioner explains—as she had done verbally in the earlier status conference—that an investigation of the facts and science demonstrated to her that she would be unable to prove she was entitled to compensation in the Vaccine Program. *Id.* at 2. Petitioner acknowledged that under such circumstances it would be unreasonable to waste the resources of the court, Respondent, and Vaccine Program. *Id.* Respondent has not lodged an objection to the claim's dismissal.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Therefore, without an entitlement hearing, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.